

Michael S. Devorkin
mdevorkin@spencerfane.com

April 30, 2026

**<u>VIA FEDERAL EXPRESS AND ECF</u>**

Honorable Sean H. Lane
United States Bankruptcy Judge
United States Bankruptcy Court
300 Quarropas Street
White Plains, New York 10601

      Re:    *In re Nussbaum Lowinger LLP et ano*. (Case No. 26-22383 (SHL))

Dear Judge Lane:

      We are counsel to the debtors (the "Debtors") in the above-referenced bankruptcy case. I write with respect to the briefing schedule for the motion to dismiss the Debtors' bankruptcy cases filed by ABCMN LLC (the "Motion"). I am senior litigation counsel responsible for the preparation of the Debtors' opposition to the Motion. Because of scheduling and professional commitments set forth below, we are requesting a brief adjournment of the May 27 hearing date discussed in Court on April 21, 2026. We request an extension of two weeks but if that is not possible, at least one week.

      Under the present hearing date of May 27, Debtors' opposition to the Motion is due May 13, and the reply is due May 20. However, this conflicts with my professional obligation in other litigation, which would seriously affect meeting this deadline. If the hearing is adjourned, we request a corresponding adjournment of the dates to file these briefs.

      I am leading attorney in a long-running litigation in New York Supreme Court, Commercial Division, concerning disputes between owners of numerous New York commercial buildings, N.Y. Cnty. Index No. 650355/2026, in which my client must file on May 11 and May 15, respectively, lengthy memoranda of law and affirmations in opposition to a motion to disqualify my firm, and in support of my clients' motion to dismiss.

      I recognize that the May 27 hearing date was set at the hearing on April 21, 2026. At the time, solely due to an error on our part, the attorneys appearing for the Debtors were not aware of my scheduling conflict and thus did not raise the problem. We apologize to the Court and opposing counsel for this mistake, but we submit the request for an extension is reasonable and necessary and will not prejudice the Movant or anyone else. We agree that we will not argue that any events in this case in the interim have any bearing on the Motion.

In a call yesterday, I explained all this to Mr. Lazere, counsel for the Movant, and requested his client's consent, but he denied my request even for a shorter extension.

Respectfully Submitted,

/s/ Michael S. Devorkin

Michael S. Devorkin

cc: Keith Lazere, Esq., counsel to movant (via ECF)