Keith A. Lazere, Esq.
Ethan Greenberg, Esq.
Jason Kosek, Esq.
Joshua A. Zelen, Esq.
Salvatore A. Salerno, Esq.
**ANDERSON KILL P.C.**
7 Times Square, 15th Floor
New York, New York 10036
(212) 278-1000
Email:    klazere@andersonkill.com
          egreenberg@andersonkill.com
          jkosek@andersonkill.com
          jzelen@andersonkill.com
          ssalerno@andersonkill.com

*Attorneys for Assignee ABCMN LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                  :

In Re                     :        Chapter 11
                  :

NUSSBAUM LOWINGER LLP, *et ano.*,  :        Case No. 26-22383
                  :

             Debtors.  :        (Jointly Administered)
                  :
                  :
-------------------------------------------------------- X

### ASSIGNEE ABCMN LLC'S OMNIBUS OPPOSITION TO DEBTORS' MOTION TO EXTEND TIME TO FILE SCHEDULES AND MOTION TO IMPLEMENT NOTICE PROCEDURES

Debtors' Application to Extend Time to File Schedules (Dkt. No. 25) and Motion to Limit Notice (Dkt. No. 32) should be denied and they are not simply pro forma motions. Instead, these applications are instruments of a continuing bad-faith bankruptcy proceeding that never should have been filed. The Debtors, dissolved law firms whose sole principal is an indicted Ponzi schemer under pre-indictment plea discussions with the Department of Justice, ask this Court to extend their time to file schedules and to establish a reduced notice infrastructure for a case that has no legitimate bankruptcy purpose. The Debtors' schedules will reveal the meritless nature of

these petitions because they have no assets and never will.  It is curious that any additional time is needed to submit schedules for these assetless entities.  Additionally, the individual creditors, already subject to a year-long wind-up process, are entitled to continued notice of their rights.  Granting either motion rewards the abuse.  The Court should deny both.

ABCMN LLC (the "Assignee") has moved to dismiss Debtors' petitions entirely. (Dkt. No. 24).  That motion is set for hearing on May 27, 2026.  Delaying disclosure of the Debtors' schedules or blessing a notice regime designed to govern months of Chapter 11 administration while leaving the lion's share of the creditors who already submitted claims in the state court action without notice, prejudges the outcome of the dismissal motion and entrenches a bankruptcy proceeding that is legally defective from its inception.  Provided the unique posture of these chapter 11 proceedings, the Court should not allow the Debtors to construct a procedural apparatus, without input from a creditors' committee, at the estate's expense — for a case that is likely destined for dismissal.

## BACKGROUND

The Assignee incorporates by reference the factual and procedural background set forth in its Memorandum of Law in Support of Its Motion to Dismiss (Dkt. No. 24-1), filed April 28, 2026.  The following facts are critical to the opposition of the two motions at issue.

The Debtors executed a General Assignment for the Benefit of Creditors on June 16, 2025.  The Supreme Court of the State of New York, New York County, appointed ABCMN LLC as Assignee on August 26, 2025.  Since that date, the Assignee has diligently administered the Debtors' estate: negotiating settlements exceeding $16 million, prosecuting six litigations across multiple courts, conducting depositions (including Mark Nussbaum himself), and most recently

2

obtaining a default judgment of $336,731,000 against Steiner-controlled entities Real Green Management Corp. and Aven Realty LLC on April 20, 2026.

All of the Debtors' assets are held by the Assignee. This is not disputed. The Debtors' own CRO, Ephraim Diamond, admitted it: "[A]ll of the Debtors' assets are currently held by the Assignee." Diamond Decl. (Dkt. No. 8 ¶ 28). The Debtors have no assets, and under 11 U.S.C. § 543(d)(2) — which mandates that this Court excuse the Assignee from any duty to deliver property where, as here, the Assignee was appointed more than 120 days before the petition date — they will never have any.

In March 2026, the Assignee confronted Mark Nussbaum and his civil attorney Ethan Kobre with evidence that they had diverted assets that belonged to the Assignee. The Assignee sued. Kobre's firm pleaded for time to address the issues. Instead of complying, Nussbaum caused these bankruptcy petitions to be filed weeks later without warning and without the support of the creditors. These Chapter 11 cases exist for one reason: to frustrate the Assignee's efforts to recover assets that Nussbaum stole.

<b><u>ARGUMENT</u></b>

**I.     THE MOTION TO EXTEND TIME TO FILE SCHEDULES SHOULD BE DENIED.**

Bankruptcy Rule 1007 authorizes an extension of time to file schedules for cause. The only "cause" meaningfully asserted by Debtors is that Mr. Diamond requires additional time to compile records given the complexity of the Debtors' transactions. He has admittedly been appointed as the Debtors' CRO since March, giving ample time to understand that the Debtors' have no assets. This justification fails for two independent reasons. First, Mr. Diamond's Declaration is entitled to no weight. He relied almost exclusively on what Nussbaum told him, never contacted the Assignee, and harbors undisclosed conflicts: he is a first cousin of Samuel

3

Lowinger, who faces potential criminal and civil exposure, and he has a direct financial stake in this bankruptcy proceeding continuing.

Second, and more fundamentally, the complexity of the Debtors' records is beside the point. This review should have occurred pre-petition since he has admittedly been appointed as the Debtors' purported CRO since March, giving ample time to understand that the Debtors have no assets and were dissolved. Critically, Mr. Nussbaum already filed a schedule in the ABC Proceeding in New York State Supreme Court where this matter should be addressed and is already proceeding. *See Nussbaum Lowinger LLP et al. v. ABCMN LLC*, Index No. 157933/2025, NYSCEF Doc. 64. Filing schedules here would therefore be duplicative of the efforts already proceeding in New York State Supreme Court.

And consulting with the Assignee could have enlightened the Debtors' professionals as to the "numerous transactions" and "substantial litigation" that has been commenced. *See* Debtors' Motion (Dkt. No. 25) at ¶ 11. They made no such effort. Cause cannot be manufactured by the Debtors' own decision to file a bad-faith petition. The motion to extend should be denied because this is not a legitimate filing and the schedules will reveal nothing since the Debtors are assetless and dissolved.

Further, granting an extension to file schedules presupposes that this Court will be administering a bankruptcy estate. It will not. The Assignee holds all assets and is entitled by statute to retain them. 11 U.S.C. § 543(d)(2). Once this Court grants the Assignee's pending motion to excuse the duty to deliver property — as it must under the mandatory language of § 543(d)(2) — there are no estate assets to schedule. The exercise of preparing and filing schedules is therefore futile.

4

Worse, the extension itself is prejudicial. The Debtors seek additional time through May 18, 2026, just nine days before the May 27, 2026 hearing on the Assignee's motion to dismiss. The Court, U.S. Trustee, Creditors, and the Assignee must be entitled to a meaningful review of Debtors' so-called schedules considering the Assignee's arguments that there is no objective reorganizational purpose to these proceedings.

## II.     THE MOTION TO IMPLEMENT NOTICE PROCEDURES SHOULD BE DENIED.

The motion to implement notice and case management procedures asks this Court to build an administrative framework for extended Chapter 11 litigation: a Master Service List, periodic omnibus hearings, and a notice protocol governing months of future proceedings.

The practical harm from granting this motion is straightforward. The proposed Master Service List would include "(i) the Office of the United States Trustee for the Southern District of New York (Attn: Tara Tiantian, Esq.) (the "U.S. Trustee"); (ii) the Debtors; (iii) counsel for the Debtors; (iv) counsel for any official committee appointed in the Debtors' chapter 11 case; (v) any party whose interests are directly affected by a specific pleading; (vi) those persons who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002; (vii) the Debtors' 20 largest unsecured creditors; and (viii) all government agencies to the extent required by the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules."

This proposal fails to acknowledge that the Debtors and all creditors jointly consented to a state court assignment for the benefit of creditors. The New York State Court has already prescribed the method of service in the pending proceeding. The bar date has passed. Substantially more than twenty creditors have filed claims. Until this Court rules on ABCMN's motion to dismiss, the interests of all creditors are "directly affected" by *every* pleading. The creditors' choice of venue, as agreed upon by Debtors, was ripped from them. Now, the Debtors are

DOCS-100906073.3

attempting to strip notice here from the lion's share of a number of creditors who already filed and submitted claims in the state court case.

The notice procedures the Debtors propose require ongoing compliance by the Assignee and other parties in interest. They authorize the Debtors to schedule omnibus hearings — perpetuating the fiction that this bankruptcy will have substantive proceedings to resolve. They impose administrative burdens on creditors who, according to the record, are largely opposed to this bankruptcy and support the Assignee. Granting this motion before resolving the dismissal motion rewards forum manipulation. The motion to implement notice procedures should be denied.

## III. ALTERNATIVELY, THE COURT SHOULD DEFER BOTH MOTIONS PENDING RESOLUTION OF THE MOTION TO DISMISS.

At minimum, the Court should defer ruling on both motions until it resolves the Assignee's pending Motion to Dismiss. (Dkt. No. 24). The dismissal motion is set for hearing on May 27, 2026 — a date that falls within the Debtors' own proposed extension period. If this Court dismisses the cases on May 27, both the schedule extension and the notice procedures become moot.

Deferral is an approach that can avoid prejudging the dismissal motion. Granting either of the Debtors' pending motions before May 27 sends the wrong message: that this Court accepts the legitimacy of a proceeding that the Assignee has demonstrated, on uncontested facts, was filed in bad faith and serves no legitimate bankruptcy purpose. The Court should not make that statement.

### CONCLUSION

Debtors' motions are not administrative housekeeping or pro forma applications. They seek to legitimize and bless a bad-faith filing and saddle the estate with administrative costs while the Assignee's dismissal motion awaits resolution. The Court should deny both motions. If the

DOCS-100906073.3

Court is not inclined to deny them outright, it should defer ruling until after the May 27, 2026

hearing on the motion to dismiss.

Dated: New York, New York
May 6, 2026

Respectfully submitted,

**ANDERSON KILL P.C.**

By: */s/ Keith A. Lazere*

Keith A. Lazere, Esq.
Ethan Greenberg, Esq.
Jason Kosek, Esq.
Joshua A. Zelen, Esq.
Salvatore A. Salerno, Esq.
7 Times Square, 15th Floor
New York, New York 10036
(212) 278-1000
Email: klazere@andersonkill.com
egreenberg@andersonkill.com
jkosek@andersonkill.com
jzelen@andersonkill.com
ssalerno@andersonkill.com

*Attorneys for Assignee ABCMN LLC*

DOCS-100906073.3