# EXHIBIT B

FILED: NEW YORK COUNTY CLERK 02/18/2026 02:28 PM
NYSCEF DOC. NO. 83

INDEX NO. 157933/2025
RECEIVED NYSCEF: 02/18/2026

26-22383-shl    Doc 49-2    Filed 05/18/26    Entered 05/18/26 11:48:39    Exhibit B -
Re-Assignment Letter    Pg 2 of 6

# ANDERSON KILL P.C.

**7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212.278.1000 / www.andersonkill.com**

Hon. Louis L. Nock, Ret.
A Shareholder of the Firm
(212) 278-1093
lnock@andersonkill.com

February 18, 2026

Hon. Suzanne J. Adams
Administrative Judge for Civil Matters
Supreme Court of the State of New York
County of New York
60 Centre Street
New York, New York 10007

Re:  RELATED MATTERS (Request for Commercial
Division Assignment):

*ABCMN LLC v DS Lending LLC, et al.* (index No.
650810/2026) (filed February 6, 2026 [**the "Instant
2026 Matter"**]);

*ABCMN LLC v Real Green Mgt. Corp., et al.* (index
No. 656436/2025) (filed December 11, 2025 [**the
"December 2025 Matter"**]); and

*Matter of the General Assignment for the Benefit of
Creditors of Nussbaum Lowinger LLP, etc., to
ABCMN LLC* (index No. 157933/2025) (filed June 20,
2025 [**the "June 2025 Matter"**])

Your Honor:

We are the attorneys for ABCMN LLC, a party in all three of the above-
referenced related matters.  ABCMN LLC is the Court-appointed assignee ("Assignee")
of Nussbaum Lowinger LLP and Mark J. Nussbaum and Associates, PLLC
("Assignors"), for the benefit of Assignors' creditors, involving assignor debt aggregating
approximately $400 million.  Assignee's said appointment was made by Decision and
Order filed August 26, 2025, in the above-referenced June 2025 Matter (NYSCEF Doc.
No. 33 in 157933/2025).

Commercial Division Assignment of the Instant 2026 Matter
and the Pressing Need for Re-Assignment of the Prior Related Matters

Accompanying herewith is our Request for Judicial Assignment with Commercial
Division Addendum in connection with the Instant 2026 Matter, which satisfies all the

NEW YORK, NY / BOSTON, MA / LOS ANGELES, CA / NEWARK, NJ / PHILADELPHIA, PA / STAMFORD, CT / WASHINGTON, DC

26-22383-shl   Doc 49-2   Filed 05/18/26   Entered 05/18/26 11:48:39   Exhibit B -
Re-Assignment Letter   Pg 3 of 6

**ANDERSON KILL P.C.**

Hon. Suzanne J. Adams
February 18, 2026
Page 2

prerequisites of 22 NYCRR 202.70. Specifically, and as alleged in the pleadings: these matters arise out of a sophisticated Ponzi scheme operated by a prominent Manhattan real estate attorney (now under indictment for closely related charges) who took hundreds of millions of dollars without authorization from client escrow funds in order to invest in fictitious real estate transactions and for related fraudulent purposes. These matters, thus, fall squarely within the scope of 220.70(1) because they involve causes of action for breach of contract, breach of fiduciary duty, fraud, misrepresentation, and various business torts including fraudulent conveyances.

As required, our Request for Judicial Assignment (with Commercial Division Addendum) candidly informs the Clerk's Office that the December 2025 Matter and June 2025 Matter (collectively, the "Prior Related Matters") are, and have been, pending before the Honorable Justice Gerald Lebovits (Part 7). **For the reasons that follow, we now write your Honor to respectfully request that the Prior Related Matters be transferred to the Commercial Division along with the Instant 2026 Matter.[1]**

The Three Related Matters fall under the purview of *Debtor and Creditor Law* §15(6), whereby the Assignee is:

> empowered to maintain, against any person who has received, taken or in any manner interfered with the estate, property or effects of the debtor in fraud of his creditors and which might have been avoided by a creditor of the assignor and the assignee may recover the property so transferred or its value.

By virtue of said authority, and consistent with *The Uniform Voidable Transactions Act* in the *Debtor and Creditor Law*, the Three Related Matters commenced by Assignee seek to avoid and recover approximately $400,000,000 in fraudulent transfers from Assignors' IOLA Accounts to recipients of those transfers, and for orders of attachment or other provisional remedies against the funds in the bank accounts of such recipients to the extent of the fraudulent transfers. The Three Related Matters are just the first three of what are anticipated to be many additional such actions to be filed, as Assignee continues to discover additional prospective defendants who were recipients of the Assignors' fraudulent transfers.

The Hazards of Delay Understandably Caused by Part 7's
Ongoing and Unrelated Jury Trial Duties

The exigency of the Three Related Matters is obvious. With each passing day without judicial action in any of the Three Related Matters, the risk of dissipation of trust assets which Assignee is charged to retrieve for Assignors' creditors, in whole or in

---

[1]    The Prior Related Matters, collectively with the Instant 2026 Matter, will be referred to as the "Three Related Matters."

**ANDERSON KILL P.C.**

Hon. Suzanne J. Adams
February 18, 2026
Page 3

substantial part, becomes more and more real.  Yet, for reasons that we believe are outside the control of Justice Lebovits (noted hereinafter), the Prior Related Matters thus far assigned to his Honor have not seen critical judicial action that has been applied for by Assignee in order to protect, preserve, and recover the significant trust fund of approximately $400,000,000 that have been fraudulently transferred to present defendants and anticipated future ones.  The details of such delay are as follows:

ï    In the June 2025 Matter, Assignee moved by order to show cause for Justice Lebovits' authorization for Assignee's engagement of clearly identified and accredited forensic accountants whose services are absolutely critical to the monumental task at hand (motion seq. no. 003 in 157933/2025).  As explained in Assignee's supporting affidavit, "To date, creditors have submitted claims well in excess of $400,000,000.  The Assignor's estate is complex and complicated.  It is difficult to trace assets and transactions and understand the Assignor's estate without assistance from a forensic accountant."  (NYSCEF Doc. No. 45 ¶ 3 in 157933/2025.)  That motion was fully submitted on December 5, 2025, yet no action has been taken thereon.  *The application, thus, has lingered for over two months (again, due to circumstances outside Justice Lebovits' control, as will be noted hereinafter).*

ï    In the December 2025 Matter, Assignee similarly moved, by proposed order to show cause, for a pre-judgment attachment of assets held by one discovered recipient of fraudulently transferred trust funds (motion seq. no. 001 in 656436/2025).  That motion also contained a request for interim TRO relief to preserve those funds.  *However, although that OSC/TRO motion was submitted on January 28, 2026, no action on it has been taken by Justice Lebovits for what are now three weeks (again, due to circumstances outside Justice Lebovits' control, as will be noted hereinafter).*

ï    Further in the June 2025 Matter, Assignee moved for approval of a settlement reached with one of the Assignors' creditors (motion seq, no. 005 in 157933/2025).  *That motion was returnable in Submission Part on January 23, 2026, which was three and a half weeks ago.*  Only one creditor objected, seeking extra time "to properly define the scope of the proposed releases" (NYSCEF Doc. No. 77 ¶ 17 in 157933/2025).  While we disagree with said objector's position, we stand ready to receive the Court's decision on the matter; but our concern is, as with the foregoing motions, prolonged pendency before any decision will be rendered.  *And the same concern exists with regard to the newly filed Instant 2026 Matter* (sought for Commercial Division assignment herewith)*, which, as with the Prior Related Matters, seeks critical and urgent relief in the form of avoidance of voidable transactions and fraudulent conveyances (see, NYSCEF Doc. No. 2 in 650810/2026).*

26-22383-shl    Doc 49-2    Filed 05/18/26    Entered 05/18/26 11:48:39    Exhibit B -
Re-Assignment Letter    Pg 5 of 6

**ANDERSON KILL P.C.**

Hon. Suzanne J. Adams
February 18, 2026
Page 4

Part 7's Lengthy, Unrelated, Jury Trial

To be absolutely clear, we were, and continue to be, honored to be before The Honorable Justice Lebovits, for whom we have the utmost respect and highest esteem. However, it has come to our attention that his Honor is, has been, and probably will continue to be for some time, necessarily occupied by a lengthy jury trial over which he has presided and now presides, titled *Riera v New York City Housing Auth.* (index No. 159927/2021). As demonstrated by the accompanying eCourts appearances docket sheet in that case, Justice Lebovits has been engaged in that jury trial continually since at least January 14, 2026 – not very long after the December 2025 submission date in the June 2025 Matter noted above.

Considering the age of that case (five years), and considering the serious physical injuries alleged therein (*see*, NYSCEF Doc. No. 1 ¶ 31 in 159927/2021, alleging "severe[] injur[ies] when a 5-gallon bucket full of bricks came crashing down from above and struck [the plaintiff]"), and further considering multiple motions *in limine* which undoubtedly must require his Honor's deep concentration (*see*, eCourts filings docket sheet in that case), we fully understand the justifiable reason for the delays highlighted above in connection with the Prior Related Matters, and we fully appreciate his Honor's equally critical need to attend to the pressing needs of that important jury trial.

Your Honor: it is with such understanding in mind that we make this request for transfer of the Prior Related Matters to the Commercial Division attendant to the assignment of the Instant 2026 Matter to the Commercial Division – not on account of any dissatisfaction with Justice Lebovits whatsoever; but rather, on account of a palpable need to accommodate his Honor's need to direct his Honor's undisturbed care and attention to the ongoing jury trial submitted to his Honor's care since shortly after the Prior Related Matters required judicial attention.

Conclusion

For all the foregoing reasons, we respectfully request Commercial Division assignment of the Instant 2026 Matter with attendant transfer of the Prior Related Matters along with it to the Commercial Division.

We sincerely thank your Honor for consideration of this request and similarly thank and appreciate Honorable Justice Lebovits for all his efforts.

**ANDERSON KILL P.C.**

Hon. Suzanne J. Adams
February 18, 2026
Page 5

Naturally, we would be very glad to discuss this request further with your Honor should that be deemed desirable by the Court.

Very respectfully,

**Louis L. Nock, Esq.**
**Shareholder, ANDERSON KILL P.C.**
Attorneys for ABCMN LLC, Assignee for the Benefit of Creditors of Nussbaum Lowinger LLP and Mark J. Nussbaum & Assocs., PLLC

Encls.

cc: All Counsel, w/encls., by NYSCEF filing