# ANDERSON KILL P.C.

7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212.278.1000 / www.andersonkill.com

Keith A. Lazere, Esq.
klazere@andersonkill.com
212.278.1049

*Via Email*

August 5, 2026

Hon. Suzanne J. Adams
Administrative Judge for Civil Matters
Supreme Court of the State of New York
County of New York
60 Centre Street
New York, NY 10007

Re:   *Crestview 360 Holdings, LLC v. Mark Nussbaum et al.,*
(S. Ct. N.Y. Co. Index No. 653529/2026)

*Matter of the General Assignment for the Benefit of Creditors of
Nussbaum Lowinger LLP, etc. to ABCMN LLC*
(S. Ct. N.Y. Co. Index No. 157933/2025)

*In Re Nussbaum Lowinger LLP*
(S.D.N.Y. Chapter 11 Bankruptcy Index No. 26-22383)

*ABCMN LLC v Real Green Mgt. Corp, et al.*
(S. Ct. N.Y. Co. Index No. 65436/2025)

*ABCMN LLC v. DS Lending LLC, et al.*
(S. Ct. N.Y. Co. Index No. 650810/2026)

Your Honor:

We are the attorneys for ABCMN LLC. ABCMN LLC is the Court-appointed assignee for

benefit of creditors (or "ABC") for Nussbaum Lowinger LLP ("NL") and Mark J. Nussbaum and

Associates, PLLC ("MJNA"). ABCMN LLC was appointed as ABC by a Decision and Order filed

August 26, 2025 in the *Matter of General Assignment for Benefit of Creditors* case referred to in

the caption above (N.Y. Co. Index No. 157933/2025).

NEW YORK, NY / BOSTON, MA / LOS ANGELES, CA / NEWARK, NJ / PHILADELPHIA, PA / SHELTON, CT / WASHINGTON, DC

DOCS-101088005.1

**ANDERSON KILL P.C.**

Hon. Suzanne J. Adams
August 5, 2026
Page 2

We write in response to the July 31, 2026, letter submitted to Your Honor by Crestview 360 Holdings, LLC ("Crestview") requesting transfer of the *Crestview* case named in the caption above to the Commercial Division. We regret not responding sooner, but because Crestview failed to copy us on that letter – as we believe they should have for the reasons described below – we only learned of Crestview's July 31 letter late in the day on Monday, August 3.

Our purpose here is two-fold: first, to give both Your Honor and the other Judges and parties potentially impacted by Crestview's application (who are copied on this letter) a fuller and a more accurate picture of the circumstances surrounding Crestview's application; and second, to ask you to take no action on Crestview's application until the United States Bankruptcy Court decides a pending closely-related motion described below.

### Procedural Background

There are seven closely-related legal proceedings at issue here as follows.

The first proceeding to be filed was the case of *Crestview 360 Holdings, Inc. v. Mark Jonathan Nussbaum, Mark J. Nussbaum and Associates, PLLC and Nussbaum Lowinger, LLP*, originally filed in Rockland County Supreme Court on January 8, 2025 (the "Rockland *Crestview* Action"). In that Action, the Plaintiff Crestview brought causes of action for conversion and breach of contract against two now-defunct New York City law firms – NL and MJNA – and against their principal, the now disbarred and indicted real estate attorney Mark J. Nussbaum ("Nussbaum"). (Crestview's principal is real estate investor Jacob Sod ("Sod").)

The central allegation in that Complaint is that Crestview loaned 15 million dollars to defendants to be held in Nussbaum's law firms' escrow accounts and to be repaid by January 7, 2025, but that defendants instead wrongfully transferred the money out of the escrow account and

DOCS-101088005.1

**ANDERSON KILL P.C.**

Hon. Suzanne J. Adams
August 5, 2026
Page 3

failed to repay the loan.  The Rockland County *Crestview* Action was discontinued without prejudice by stipulation among the parties on or about February 17, 2025.

Second, on or about February 4, 2025, Crestview initiated an action in Kings County Supreme Court entitled *Crestview 360 Holdings v. Wolf Wercberger* (Kings Co. Ind. No. 504060/2025) (the "Brooklyn *Crestview* Action"). The Brooklyn *Crestview* Action was based on the same 15 million dollar loan transaction as the Rockland *Crestview* Action. However, the named Defendant in the Brooklyn *Crestview* Action was Wolf Wercberger. The Complaint in the Brooklyn *Crestview* Action alleged that Nussbaum took the money that had been loaned by Crestview to Nussbaum's firms' escrow accounts and transferred it to Wolf Wercberger. The Brooklyn *Crestview* Action asserted claims for voidable transfer, conversion, and unjust enrichment. By Decision and Order dated June 27, 2025, the Brooklyn *Crestview* Action was dismissed both for failure to state a claim and because Crestview – a Florida LLC doing business in New York without the requisite certificate of authority – lacked capacity to sue.

Third, in June of 2025, MJNA and NL entered into an Assignment for the Benefit of Creditors Agreement with ABCMN LLC. ABCMN then instituted the case of *Matter of the General Assignment for Benefit of Creditors of Nussbaum Lowinger LLP et al. to ABCMN LLC* (N.Y. Co. Index No. 15793/2025) (the "*ABC* Action"). As noted, in August of 2025, the Honorable Gerald Lebovits formally appointed ABCMN LLC as the Assignee for Benefit of Creditors (or "ABC") for NL and MJNA.

Jacob Sod and Crestview Holdings joined in that Assignment Agreement (Ex. A hereto is a copy of that joinder agreement), and they submitted their joint Proof of Claim against NL and MJNA on or about October 9, 2025 (Ex. B hereto). The Proof of Claim is based upon the very

DOCS-101088005.1

**ANDERSON KILL P.C.**

Hon. Suzanne J. Adams
August 5, 2026
Page 4

same 15 million dollar loan transaction that was also the subject of the Rockland *Crestview* Action and the Brooklyn *Crestview* Action described above.

Fourth, *ABCMN LLC v. Real Green Management Corp., et al.* (N.Y. Co. Index No. 654361/2025) (the "*Real Green* Action") is a fraudulent transfer case brought by ABCMN LLC in December of 2025 (and assigned to Judge Lebovits as related to the *ABC* Action) against two companies that had been operated by the now-deceased Mendel Steiner. As set forth in detail in the Complaint in the *Real Green* Action, Nussbaum, MJNA and NL operated a huge Ponzi scheme utilizing NL and MJNA's escrow accounts. Much of the money generated by this scheme (in excess of 300 million dollars) was transferred to Mr. Steiner and to his two companies, the defendants Real Green and Aven Realty. Mr. Steiner committed suicide just one day after the Rockland *Crestview* Action was first filed, presumably because that lawsuit made it apparent that the Ponzi scheme was about to be revealed to the world. ABCMN LLC was granted a default judgment in the *Real Green* action on April 20, 2026.

Fifth, *ABCMN LLC v. DS Lending LLC, et al.* (N.Y. Co. Index No. 650810/2026) is a fraudulent transfer case (initiated by ABCMN LLC in February of 2026) against various entities controlled by relatives of Mendel Steiner to whom the *Real Green* defendants transferred a large part of the proceeds of the Ponzi scheme.

Sixth, *Crestview 360 Holdings Inc. v. Mark J. Nussbaum, Wolf Wercberger and Lilly Wercberger* (N.Y. Co. Index No. 653529/2026) (the "New York County *Crestview* Action") is yet another case brought by Crestview based on the very same 15 million dollar loan transaction that was the basis for the Rockland and Brooklyn *Crestview* Actions described above, and the basis for Crestview's Proof of Claim in the *ABC* Action as well.

DOCS-101088005.1

**ANDERSON KILL P.C.**

Hon. Suzanne J. Adams
August 5, 2026
Page 5

The New York County *Crestview* Action was filed on or about June 15, 2026. In the New York County *Crestview* Action, Crestview more fully alleges that the 15 million dollars loaned by Crestview to Nussbaum's law firms was improperly transferred (as part of a Ponzi scheme operated by Nussbaum, NL and MJNA) to Wolf and Lily Wercberger. Mark J. Nussbaum is named as a defendant in the New York County *Crestview* Action. His law firms, NL and MJNA, are not named as defendants in the New York County *Crestview* Action, even though the 15 million dollars went to NL and MJNA and was then transferred by NL and MJNA to the Wercbergers.

Seventh and finally, *In re Nussbaum Lowinger LLP* (S.D.N.Y. Bankruptcy Court Chapter 11 No. 26-22383) is a consolidated action in which NL and MJNA each filed for bankruptcy protection on April 16, 2026 in the federal bankruptcy court for the Southern District of New York. That case is pending before the Honorable Bankruptcy Judge Sean H. Lane in White Plains.

In connection with the bankruptcy proceeding action, NL and MJNA purported to terminate the Assignment for Benefit of Creditors Agreement and thereby revoke ABCMN LLC's appointment as ABC.

ABCMN has filed a motion to dismiss those bankruptcy petitions, both because they were filed in bad faith and as a matter of abstention in favor of the state court *ABC* Action. As part of that motion, ABCMN LLC has argued at length that NL's and MJNA's purported termination of the ABC Agreement is void because, among other reasons, such a termination would require prior authorization by both the state *ABC* Court and the federal Bankruptcy Court.

NL and MJNA have opposed the motion to dismiss, arguing at length that the Assignment Agreement has been validly terminated and that as a result ABCMN LLC is no longer an assignee of NL and MJNA. Similarly, Crestview filed objections to ABCMN' LLCs motion to dismiss. The

DOCS-101088005.1

**ANDERSON KILL P.C.**

Hon. Suzanne J. Adams
August 5, 2026
Page 6

motion to dismiss was the subject of a lengthy argument conducted before Judge Lane on May 29, 2026. At that time Crestview's counsel argued in opposition to ABCMN LLC's motion to dismiss, asserting that all the then-pending state court cases should proceed in Bankruptcy Court. We expect that Judge Lane will be deciding ABCMN LLC's motion to dismiss the bankruptcy petitions some time in the near future.

Three other points should be noted as part of the procedural background of this case.

First, as correctly noted by Crestview in their July 31, 2026 letter to Your Honor, we previously wrote to you on February 18, 2026, asking that our cases be transferred from Judge Lebovits' court part to the Commercial Division because – due to Judge Lebovits' then pressing obligation to conduct the jury trial in *Riera v. New York City Housing Authority* – certain motions had been left undecided for a substantial period of time. However, that jury trial has concluded, and Judge Lebovits has since decided those motions (on April 20th of this year). We would, therefore, be very honored to have our cases continue to be presided over by Judge Lebovits.

Accordingly, if and when the Bankruptcy Court rules in our favor – and thus returns all removed cases to state court, and affirms that ABCMN LLC remains the ABC for NL and MJNA – ABCMN LLC will formally withdraw its February 18 request that these cases be transferred to the Commercial Division. (We do not believe ABCMN LLC can make a formal application to withdraw its February 18 letter request at this time, because the question whether ABCMN LLC is still the ABC is presently *sub judice* with the Bankruptcy Court.)

Second, among the motions decided by Judge Lebovits on April 20 was ABCMN LLC's motion seeking approval of a settlement whereby Wolf Wercberger would pay $15,350,000.00 in

DOCS-101088005.1

**ANDERSON KILL P.C.**

Hon. Suzanne J. Adams
August 5, 2026
Page 7

exchange for a release by NL's and MJNA's creditors (which include Crestview and Sod) of their claims against Wercberger and his family and companies.

Crestview opposed that motion. Judge Lebovits in large part agreed with Crestview, finding: 1) that additional analysis from a forensic accountant should be provided to further justify the precise settlement amount; and 2) that the proposed releases were too broad in that they might sweep up claims unrelated to the Ponzi scheme at issue. (*See* Ex. C hereto at pp 3-4).

If and when the Bankruptcy Court grants our motion to dismiss, we intend to rework the proposed Wercberger settlement in order to meet the concerns expressed by Judge Lebovits in his April 20 Decision.

For present purposes, however, the important point is this: the claims asserted by Crestview against Mr. Nussbaum and the Wercbergers in the New York County *Crestview* Action are obviously intimately related to the *ABC* Action, and are indeed the central subject of the April 20 Decision (Ex. C) already rendered by Judge Lebovits in the *ABC* Action.

Crestview is thus wrong when it suggests in its July 31, 2026, letter to you (at footnote 1) that the New York County *Crestview* Action (Index No. 653529/2026) should no longer be designated as related to the *ABC* Action (Index No. 157933/2025). It is admittedly true that the New York County *Crestview* Action names Mr. Nussbaum personally, and not his law firm, as defendant. Nevertheless, Crestview's Proof of Claim in the *ABC* Action (Ex. B) grows out of precisely the same 15 million dollar loan transaction that is the central subject of the New York County *Crestview* Action. And the proposed Wercberger Settlement in the *ABC* Action in large part grows out of precisely the same 15 million dollar loan transaction as well. Thus, the New York

DOCS-101088005.1

**ANDERSON KILL P.C.**

Hon. Suzanne J. Adams
August 5, 2026
Page 8

County *Crestview* Action is closely related to the *ABC* Action. That Crestview omits these obviously relevant facts in its July 31 letter to you is a glaring omission.

Third, and on a related note, it is very difficult to understand why Crestview did not copy ABCMN LLC, Judge Lebovits, and Judge Lane on its July 31 letter to Your Honor.

Plainly, since we are a party to the cases that have previously been designated as related to the New York County *Crestview* Action, we should have been copied on a letter requesting that said designations be overruled.

Similarly, since Judge Lebovits is currently presiding over the New York County *Crestview* Action, he should have been copied on the July 31 letter requesting that the New York County *Crestview* Action be transferred out of his court part.

And because Crestview has previously affirmatively argued to Judge Lane in Bankruptcy Court that all related cases should be removed to Bankruptcy Court, Judge Lane should have been copied on Crestview's July 31 letter to you that now instead suggests that the subsequently filed New York County *Crestview* Action should proceed in the Commercial Division of the Supreme Court in New York County.

We cannot see any valid reason why Crestview has operated in a manner that keeps all these potentially impacted parties in the dark as to what Crestview is now trying to do by failing to copy them on Crestview's July 31 letter to Your Honor.

### Crestview's Request Should be Held in Abeyance

As the foregoing recitation of procedural history already strongly suggests, we believe that Your Honor should not take any action on Crestview's July 31 reassignment request until the

DOCS-101088005.1

**ANDERSON KILL P.C.**

Hon. Suzanne J. Adams
August 5, 2026
Page 9

Bankruptcy Court decides ABCMN's closely-related pending motion to dismiss the bankruptcy proceedings.

Whether our motion to dismiss is granted – so that ABCMN LLC's role as ABC is reaffirmed, and all cases previously removed to Bankruptcy Court are returned to the state court – or whether our motion to dismiss is instead denied – so that a Chapter 11 Trustee will be appointed in the near future – we believe that this Court should take no action on Crestview's application at this time because any such action might prejudice the rights of either the future Trustee or (alternatively) of ABCMN LLC after its status as ABC has been reaffirmed.

We regret that this letter is as long as it is, but we felt that the information that was omitted by Crestview in its July 31, 2026, letter to Your Honor should be provided to you and to the other courts and parties potentially impacted by Crestview's application. We thank you for your consideration in this matter, and we stand ready to confer with Your Honor and counsel on these issues, or to submit further information, as you deem appropriate.

Very truly yours,

*s/s Keith A. Lazere*
Keith A. Lazere, Esq.

Enclosure

cc:   Hon. Gerald Lebovits (*Via NYSCEF*)
      Hon. Sean Lane (*Via ECF*)
      All Counsel in New York State Actions (*Via NYSCEF*)
      All Counsel in Federal Bankruptcy Action (*Via ECF*)

DOCS-101088005.1